# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

KENNETH M. GRAY,

       Plaintiff,

-v-                                         CASE NO.  26-cv-49-jdp
                                                        96CF1362
                                                        040125-315302

ALEXIS FOX (in her individual capacity)
MARILYNN HALE #30501, PAROLE AGENT (in her individual capacity)
RACHEL SADOWSKI, SUPERVISOR (in her individual capacity)
DIONNE CLEMMONS, ASSISTANT REGIONAL CHIEF (in her individual capacity)
DEPARTMENT OF CORRECTIONS
DIVISION OF COMMUNITY CUSTODY, and
THE STATE OF WISCONSIN,
       Defendant(s).

## COMPLAINT

      NOW COME THE PLAINTIFF, *pro se*, who hereby states the following as his Complaint.

### NATURE OF PROCEEDINGS

1.    This is a civil action under 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the *Substantive Due Process Clause*, brought to redress the cruel and unusual punishment the defendants inflicted upon the above-named plaintiff by subjecting him false imprisonment based on false allegations.

2. At all times relevant hereto, the above-named Plaintiff has been a resident of the State of Wisconsin, living at 1312 North 31st Street Milwaukee, WI 53208.

3. For a portion of the time relevant to this case, Alexis Fox {"alleged victim"} was the initiator for the Plaintiff's false imprisonment. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of her involvement.

4. For a portion of the time relevant to this case, Marilynn Hale #30501 {"Agent Hale"} was the Parole Agent of the Department of Corrections/Department of Community Corrections. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of her employment.

5. For a portion of the time relevant to this case, Rachel Sadowski, Supervisor {"Supervisor Sadowski"} was the Parole Agent Supervisor of the Department of Corrections/Department of Community Corrections. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of her employment.

6. For a portion of the time relevant to this case, Dionne Clemmons, Assistant Regional Chief {"ARC Clemmons"} was the Assistant Regional Chief, of the Department of Corrections/Department of Community Corrections. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of her employment.

7. The Department of Corrections, which in turn operates and runs inmates released

from prison. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of its operation.

8. The Department of Community Corrections, which in turn operates and runs inmates released from prison. All actions and omissions attributed to in this Complaint are intentional, undertaken under color of law and with the scope of its operation.

9. The State of Wisconsin is a sovereign state of the United States of America. It Operates the State of Wisconsin Department of Corrections, which in turn operates and runs DOC/DCC.

## JURDISDICTION AND VENUE

10. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

11. Venue in the Western District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the parties are or were in this district, and the events giving rise to the claims took place within this district.

## FACTUAL ALLEGATIONS

12. 05.March, 2025, Alexis Fox made (6) *six* calls in (5) *five* hours to Oshkosh Police Department Incident Brief Report # OP25030500007391. *(see Exhibit 1)*

13. 06.March, 2025, Agent Hale contacted Plaintiff Gray and *ordered* him to report by

3p.m. or a warrant will be issued for his arrest.

14. 06.March, 2025, Plaintiff Gray, was handcuffed/detained at Agent Marilynn Hale's office located on 812 North 6th Street, Milwaukee, WI 53212. His Miranda Rights weren't afforded to him, nor was he informed of why his *private citizen status* was being taken into custody.

15. 06.March, 2025, Plaintiff Gray was taken to Milwaukee Secure Detention Facility, there he was booked; still not informed of any reason why he was being detained.

16. 07.March, 2025, Alexis Fox gave a statement to her Probation Agent Sarah Miklavcic at P&P 240 Ohio St., Oshkosh, WI. While mentioning nothing that she reported to the Oshkosh Police Department. *{See Exhibit #2/HER PO STATEMENT }*

17. 17.March, 2025, Liaison Agent Z. Berry #30317, DOC/DCC questioned Plaintiff Gray about his home address. His phone number. Why was he in Oshkosh? Where does he work? Where does he attend school? How does he know Alexis Fox. When was the last time he saw her. Why did he force himself upon her…etc. *{see Exhibit #3PLAINTIFF REPORTS}*

18. 19.March, 2025, Liaison Agent Z. Berry #30317, DOC/DCC, returned and questioned Plaintiff Gray about his home address. His phone number. Why was he in Oshkosh? Where does he work? Where does he attend school? Who stay at address 508 Ceape Ave, Oshkosh, WI, 54901? Does he drink alcohol, has he been in possession illegal drugs? What's the passcode to his Cellphone? Again, Plaintiff Gray answered truthfully all questions.

19. 24.March, 2025, Agent Hale #30501, served Plaintiff Gray with a package for

Revocation with said Allegations that Plaintiff Gray had violated; incredulous Statements of Alexis Fox. Agent Hale #30501 offered Plaintiff Gray a {1} year of re-confinement, due to an override by ARC Clemmons due to the *special vulnerability* of the victim.

20. 24.March, 2025, those Allegations for revocation of his Community Custody including: **#1 Allegation:** On or 01.September 2024/06.March 2025 Kenneth Gray sold illegal drugs. This behavior is in violation of ST001, SP004 and SP005 signed by Mr. Gray on 22.February 2025.

**#2 Allegation:** On or about 05.March 2025 Kenneth Gray threatened Alexis Fox. This behavior is in violation of Community Rules of Supervision SP007 signed by Mr. Gray on 13.February 2025.

**#3 Allegation:** On or about 05.March 2025 Kenneth Gray entered into Alexis Fox's residents without consent. This behavior is in violation of Community Rules of Supervision ST001 signed Mr. Gray on 13.February 2025.

**#4 Allegation:** On or between 01.September 2024 and 06.March 2025 Kenneth Gray did not obtain agent approval prior to maintaining a new residence. This behavior is in violation of Community Rules of Supervision ST008 signed by Mr. Gray on 22.February 2025.

**#5 Allegation:** On or about 17.March 2025 Kenneth Gray failed to comply with a search of his phone. This behavior is in violation of Community Rules of Supervision ST006 signed by Mr. Gray on 22.February 2025.

21. 28.March 2025 Plaintiff Gray attended his Preliminary Hearing at Milwaukee Secure Detention Facility {via video} 9:30AM. CFS Casey Ehler found probable to proceed with the revocation of Plaintiff Gray.

22. 30.April 2025 Plaintiff Gray attended his Final Revocation Hearing 9:30am before Martha C. Carlson's Administrative Law Judge, Wisconsin Division of Hearings and Appeals Oshkosh Police Officers Roberto Marinez and Miles Bennett, Agent Marilynn Hale #30501 was present. Other Witnesses: Alexis Fox and Oshkosh Police Officer was not present. Final Revocation Hearing was rescheduled until Plaintiff Gray obtained representation with Allison Ritter Attorney at Law.

23. 24.June 2025 Final Revocation Hearing 1:00pm represented by Allison Ritter, Attorney at Law. Before Martha C. Carlson's Administrative Law Judge, Wisconsin Division of Hearings and Appeals. Oshkosh Police Officers Roberto Marinez, Miles Bennett *and again* Alexis Fox was not present!

24. Oshkosh Police Officer Jack Rew testified to the calls he took from alleged "alleged victim" Alexis Fox that her statements are dubious based on her multiple prior reports. Her comments were vague and board, she wasn't specific in her claims. Given her noted *heavy and frequent alcohol* uses, which caused her to hallucinate/delusions, as acknowledged by Alexis Fox's Probation Agent Sarah Miklavcic. He testified that other officers believed her have fixed, false or fabricated reports.

25. Agent Marilynn Hale #30501, testified that Alexis Fox *{alleged victim}* has showed up to her probation officer's office inebriated and she's unavailable to her Agent Miklavcic most of the time... Agent Hale #30501 also admitted to altering the Oshkosh Police Department's Incident Brief Report # OP25030500007391. *(see Exhibit 1)* by blackening pertinent information recorded by Officer Rew; that stated Alexis Fox testimonials are questionable.

26. For periods of 06.March 2025 to 03.July 2025 Plaintiff Gray was incarcerated in Milwaukee Secure Detention Facility. Where he had to forfeit his employment with EVCO PLASTICS and well his schooling in Fox Valley Technical College.

27. Plaintiff Gray has suffered from adverse medical, financial, mental and social conditions as a result of their supercalifragilisticexpialidocious failure to properly investigate claims from someone that even Oshkosh Police Department had doubts, which was stated in Officer Rew's report; whom Agent Hale #30501 endearvoured to conceal. {see Exhibit #4/INCIDENT REPORT}

28. Plaintiff Gray will suffer future from adverse medical, financial, mental and social conditions as a result of their extreme failure to properly investigate claims from someone that's given to hallucinations/delusions with a history of reporting false information coupled with *heavy alcohol uses…*

29. Agent Marilynn Hale #30501 started working for the DOC/DCC on 21.October 2024.

30. Alexis Fox {victim} was subpoenaed twice before the Final Revocation Hearing of 30.April 2025 and 24.June 2025, she refused to attend.

31. Rachel Sadowski is Agent Marilynn Hale #30501 Supervisor had access to the inconsistent information from Alexis Fox provided by the Oshkosh Police Department and Alexis Fox's probation Agent Sarah Miklavcic via emails, etc.…

**FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
DELIBERATE INDIFFERENCE CONDITIONS OF CONFINEMENT**

32. Plaintiff Gray incorporates the preceding paragraphs as if set forth fully herein.

33. By arresting/detaining Plaintiff Gray, minus affording him Miranda Rights and employing a modicum of investigative work Agent Hale with Supervisor Sadowski and ARC Clemmons have deprived Plaintiff Gray of a basic necessity, i.e. "re-confinement".

34. The individual Defendants were aware of the fact that they were denying the Plaintiff this basic necessity, but they were deliberately indifferent to it.

35. This deliberate indifference has caused permanent emotional, physical and psychological injuries to the Plaintiff, or will cause such injuries in the future. {see Exhibit #5/PHOTOS}

## SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL CONDITION

36. Plaintiff Gray incorporates the preceding paragraphs as if set forth fully herein.

37. Plaintiff Gray suffers current serious medical conditions caused by exposure to the Electronic Monitoring System, {ankle monitoring} {see Exhibit #5/PHOTOS} and consistent visits. {biweekly} with an 8pm curfew. Which is an Alternative to Revocation {ATR} Plaintiff Gray has overcame the Revocation Process, yet still being punished severely by *ankle monitoring*.

38. The Defendants are aware that Plaintiff Gray was incarcerated when he was 14 years old and had served 27-years 157-days in prison before being released in May 2023, but they have been deliberately indifferent to his condition.

39. This deliberate indifference has further caused permanent emotional, physical, and psychological injuries to the Plaintiff, or will cause such injuries in the future.

## THIRD CAUSE OF ACTION AGAINST THE STATE OF WISCONSIN
## REQUEST FOR PROSPECTIVE INJUNCTIVE RELIEF

40. Plaintiff Gray incorporates the preceding paragraphs as if set forth fully herein.

41. The Department of Corrections/Department of Community Custody is aware of the unlawful practices of its Parole/Probation Agents, but it has taken no action to correct it. To wit, it has failed to allocate sufficient funds to remediate the {4} four months that Plaintiff Gray has been absent from his employment. {see Exhibit #6/PAY RATE}

42. The State of Wisconsin has been aware of its Parole/Probation agents' unlawful practices yet has done nothing to remedy how its probation/parolees are treated. By the hands and machinations its agents.

43. The State of Wisconsin has been aware that its Parole/Probation agents' has unlawfully put Plaintiff Gray *at Double jeopardy*, by giving him a {ATR} Alternative to the to Revocation when he has prevailed on all {5} five of the allegations, at his Final Revocation Hearing by Administrative Law Judge Martha C. Carlson when she found that *none* of the allegations were proven. Dated 30.June 2025. {See Exhibit #7/DECISION}

44. Consequently, Agent Hale #30501 coupled with her Supervisor Sadowski under the direction of ARC Clemmons increased Plaintiff Gray supervision rules and fitting him 24-hour GPS tracking device, which is physically damaging his left ankle {see Exhibits #5/PHOTOS} while giving him an 8 PM curfew, for approving his innocence. This is gross abused of power in the public sector.

45. Accordingly, the Plaintiff Gray seeks injunctive relief by compelling the State of Wisconsin to release Assistant Regional Chief Dionne Clemmons, Supervisor Rachel Sadowski

and Parole agent Marilynn Hale #30501 from their position as public service. Due to their dangerous misuse of public office.

**WHEREFORE**, Plaintiff Gray demands a jury for the claims against the individual Defendants, and further demand the following relief:

A} Judgment against the individual Defendants in an amount sufficient to compensate them for the injuries he has suffered;

B} An award of punitive damages against the individual Defendants for their willful, wanton and reckless disregard of Plaintiff Gray's Rights;

C} An appropriate award of injunctive relief;

D} An award of lost employment and school wages;

E} Agent Marilynn Hale #30501, Supervisor Rachel Sadowski and ARC Dionne Clemmons to be removed from their public office position; and

F} An award of eradication of remaining court costs and restitution,

G} Any other relief the Court deems just to grant.

Given under my hand at the City of Milwaukee 25th day December,

Kenneth M. Gray
#315302
1312 North 31st Street
Milwaukee, WI 53028